**In re the Marriage of Mechelle K. MOYARS, Appellant–Petitioner,**

v.

**David G. MOYARS, Appellee–Respondent.**

No. 04A03–9904–CV–134.

Court of Appeals of Indiana.

Oct. 20, 1999.

James A. Gothard, Bennett, Boehning & Clary, Lafayette, Indiana, Attorney for Appellant.

Randall L. Vonderheide, Vonderheide & Knecht, P.C., Lafayette, Indiana, Attorney for Appellee.

## OPINION

KIRSCH, Judge

Mechelle K. Moyars appeals from the trial court's property division in the dissolution of her marriage to David G. Moyars. We address only one issue here: whether the trial court erred in not including David's remainder interest in real property as a marital asset.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

Mechelle and David were married from 1961 to 1976. They remarried in 1977. Mechelle filed for divorce in 1997. David is disabled and receives a monthly disability payment. Mechelle works as a store clerk. For most of their married life, the couple lived on property owned one-half each by David's father, Bernard, and David's mother, Geneva. David's father died in 1982. He willed one-half of his interest in the property to Geneva and the other half to David and his two siblings, subject to a life estate in Geneva.

In 1995 or 1996, Mechelle received a $200,000 inheritance from her father. With this money, Mechelle purchased a modular home for around $55,800. With Geneva's permission, she placed the modular home on Geneva's property. Mechelle spent a substantial sum of money having a foundation, pole barn, and a garage constructed and installing an in-ground swimming pool, shrubbery, and a gravel drive.

In August 1997, Mechelle filed a petition for dissolution of the marriage. David counter-petitioned. The trial court joined Geneva Moyars and David's two siblings in the dissolution proceeding as persons needed for a just adjudication. Mechelle directed a discovery request to Geneva Moyars. She sought financial information about the land in which David had a remainder interest, including appraisals and income records from farming operations and rental proceeds. In September 1998, Mechelle sought an order compelling discovery from Geneva Moyars. Geneva Moyars responded with a Motion to Quash. After a hearing on October 9, 1998, the trial court issued an order which stated in part:

> "The Court, having reviewed the cases and considering all issues, determines that the Motion to Quash the Discovery Request Directed to Geneva Moyars should be GRANTED. Further, the Court determines that the real estate, as it relates to the remainder interest vested in David G. Moyars (husband) as shown by Personal Representative's Deed recorded July 31, 1996 (Petitioner's Exhibit # 1) is *too remote to be divisible as part of the marital estate.* It is primarily for that reason that the Motion to Quash is granted. The Motion for Order Compelling Discovery filed September 11, 1998 by Petitioner, Mechelle Moyars, is OVERRULED AND DENIED."

*Record* at 94 (emphasis added).

Mechelle requested that the trial court certify the issue of whether David's interest in the real property was a marital asset for interlocutory appeal, but the trial court declined. After the final hearing, the trial court set aside the interest in the real estate to David, and awarded him the marital residence and improvements in lieu of maintenance. Mechelle now appeals.

## DISCUSSION AND DECISION

■ Mechelle contends that the trial court erred in granting Geneva's motion to quash discovery of information about the value of the real property in which David had a remainder interest. The grant or denial of motions for discovery rests within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Breeden v. Breeden,* 678 N.E.2d 423, 426 (Ind.Ct.App.1997). An abuse of discretion will not be found unless the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Ind. Trial Rule 26(B)(1) states that parties may obtain discovery that is reasonably likely to lead to the discovery of admissible evidence about any matter that is relevant to the subject matter of the pending action and not privileged. The trial court concluded that information about the value of the real property was not discoverable because the real property was not marital property and therefore the information was not relevant to the subject matter of the proceeding. Therefore, we will examine the trial court's conclusion that the real property was not a marital asset.

■ Mechelle argues that the trial court's conclusion that David's remainder interest in real estate was "too remote" to be divisible as a marital asset was erroneous. IC 31–15–7–4(a)(2)(A) provides that the trial court shall divide the property of the parties, including property acquired by either spouse after the marriage. "Property" is defined as "all of the assets of either party or both parties." IC 31–9–2–98. This "one pot" theory prohibits the exclusion of any asset in which a party has a vested interest from the scope of the trial court's power to divide and award. *Hann v. Hann,* 655 N.E.2d 566, 569 (Ind. Ct.App.1995), *trans. denied* (1996). The systematic exclusion of any marital asset for the marital pot is erroneous. *See Wilson v. Wilson,* 409 N.E.2d 1169, 1173 (Ind. Ct.App.1980).

David cites *Loeb v. Loeb,* 261 Ind. 193,

301 N.E.2d 349 (Ind.1973),[1] as support for the trial court's conclusion that his remainder interest is not a marital asset. In *Loeb,* the supreme court held that a husband's vested remainder subject to a condition subsequent in a trust created by his mother was not a marital asset subject to division. During the marriage of the parties, the husband's mother created a trust consisting of common stock of the family corporation. The trust provided that the husband's mother would receive the income from the stock during her lifetime. Upon her death, the principal and any undistributed income was to be paid over to the husband and his two siblings in equal shares. If any of the beneficiaries did not survive the husband's mother, his or her share was to be paid to the surviving issue of that beneficiary per stirpes, or in the event that no such person existed, then to the other beneficiaries in equal shares.

The wife argued that the husband's interest in the trust was a vested remainder which was subject to division by the dissolution court. The husband disagreed, and characterized his interest as contingent. The court concluded that the husband held a vested remainder subject to a condition subsequent because his interest was subject to complete defeasance if he predeceased his mother. *Id.* at 199, 301 N.E.2d at 353. The court concluded that such a determination, however, was not dispositive. Instead, "[t]he central question is not whether the interest is 'vested' or 'contingent,' but, rather, the issue is whether the future interest is so remote that it should not have been included in the property settlement award." *Id.* at 198, 301 N.E.2d at 352. In the case before it, the court determined that the husband's interest was too remote. It noted that the husband had no present possessory interest and that the interest was of no present pecuniary value to him. Thus, the husband's interest in the trust was not divisible in the property settlement award. *Id.* at 199–200, 301 N.E.2d at 353.

By contrast, in this case, David's interest is not too remote to be included in the property settlement award. David owns a remainder interest as a tenant in common with his two siblings, subject to a life estate in his mother. David's interest became vested at his father's death. Although David has no legal present possessory interest in the land, we note that he and Mechelle have in fact enjoyed the possession of a portion the land for many years now. Further, unlike in *Loeb,* David's interest in the real property does represent a present pecuniary interest; David could sell or mortgage his interest if he chose to. *See Poulson v. Poulson,* 691 N.E.2d 504, 506 (Ind.Ct.App.1998) (owner in common of property may sell his undivided interest). Remainder interests, like fee simple interests, are capable of valuation. We agree with the Kansas Supreme Court, which when faced with precisely the same issue, stated, "[Husband] owned specific undivided future interests in two quarter sections of land. Neither of these will ripen into a possessory interest until the termination of the estate of the life tenant of each tract. Nevertheless his interests are vested remainders which may be sold or otherwise alienated, transferred or mortgaged. They have present value." *McCain v. McCain,* 219 Kan. 780, 549 P.2d 896, 899–900 (1976). David's interest in the property is a valuable asset. Thus, we hold that David's vested remainder in the real estate was not too remote to be included in the property division.[2]

1. We note that the broad statutory definition of property now found at IC 31–9–2–98, which expressly states that all assets of the parties are property, was enacted after *Loeb* was decided.

2. In *Fiste v. Fiste,* 627 N.E.2d 1368 (Ind.Ct. App.1994), we held that a husband's remainder interest in real property was too remote to be included as a divisible marital asset. In that case, the husband had a remainder interest in a substantial amount of real property, subject to a life estate in his grandmother and a life estate in his mother. We held that despite the statutory language requiring divi-

■ Vested future interests in land are analogous to vested pension benefits. In *Schueneman v. Schueneman,* 591 N.E.2d 603 (Ind.Ct.App.1992), this court examined the issue of whether pension benefits are a marital asset subject to division by the dissolution court. We held that if such benefits are vested, they are a marital asset. Implicit in this holding was the premise that if the right to such benefits is fixed, such benefits are a valuable asset even though there is no present right to receive income. If such rights are not forfeited upon termination, they were secured during the marriage through the efforts of the parties. Thus, they are subject to division. *Id.* at 608.

Likewise, here, although David may not take legal possession of the land for a number of years, his right to do so at some point in the future is fixed and certain. He received this property under his father's will. David's father died, and David received his inheritance during his marriage to Mechelle. Simply because his present interest is less than a fee simple does not render it too remote to be part of the marital estate. If David and Mechelle had purchased such an interest during their marriage, there would be no difficulty in determining that the interest was a marital asset. The fact that the interest was acquired through inheritance should not change this analysis. *See Chase v. Chase,* 690 N.E.2d 753, 756 (Ind.Ct.App. 1998) (assets received through inheritance or gift during the marriage are marital assets). Therefore, we see no reason why David's interest should not be considered a marital asset.

■ As the Delaware Supreme Court recognized, in determining whether an asset is part of the "marital pot," "the crucial question is whether the spouse came into possession of something of value during the marriage which the spouse still has and which is properly regarded as present marital property." *Gregg v. Gregg,* 510 A.2d 474, 480 (Del.1986). In *Gregg,* the husband contended that his remainder interest in real property subject to a life estate in his mother was not a marital asset. The court disagreed, noting that future interests have a separate present value and are significant property assets. *Id.* at 479. Since the husband had acquired the future interest during the marriage, it was marital property subject to division. *Id.* at 480. *See also Davidson v. Davidson,* 19 Mass.App.Ct. 364, 474 N.E.2d 1137 (1985) (remainder interest in trust was marital property where right to remainder was fixed during marriage); *In re Marriage of Hill,* 197 Mont. 451, 643 P.2d 582, 587 (1982) (remainder interest in real estate subject to a life estate is marital property; "[w]hile the right to possession of a vested future interest is postponed, it is still a property interest that can be distributed."); *In re Marriage of Bentson,* 61 Or.App. 282, 656 P.2d 395 (1983) (husband's future interest in trust, whether vested or contingent, is marital asset to be considered in division of marital property).

Having concluded that David's interest in the real property is marital property, we hold that the trial court's ruling on the motion to quash was an abuse of discretion. We note that the effect of the trial court's ruling on the discovery was to fore-

---

sion of "all assets" in dissolution, some assets are simply too remote to be capable of division. We determined in that case that the husband had no present possessory interest in the land, and that his interest was subject to complete defeasance if he predeceased his mother. We note that the case at bar is distinguishable because David's interest in the real property is not subject to defeasance. David's interest in the real property as a ten-

ant in common with his two siblings has been conveyed by deed. He has already satisfied the only condition that attached to the gift in David's father's will, that is, to survive his father. However, to the extent that *Fiste* can be read to stand for the proposition that all remainder interests are too remote to be part of the marital estate, we disapprove of the holding.

close the introduction of virtually any evidence about the value of the property.[3] Thus, we have no evidence in the Record before us about the value of David's interest in the property. Therefore, we cannot review the trial court's division of property between the parties.[4]

David's remainder interest in the real property which was transferred to him during the marriage is a marital asset subject to division. We vacate the discovery order and the judgment and remand to the trial court. Both parties should be permitted to conduct discovery with regard to the value of David's interest in the property and present such evidence at a hearing. The trial court should consider this evidence and make any appropriate changes to the property division.

Reversed and remanded.

DARDEN, J., and BROOK, J., concur.

---

3. While we recognize that the trial court's ruling on the discovery issue did not prevent Mechelle from introducing other evidence of the value of the property, the trial court's decision on the discovery order rendered the inclusion of the real property in the marital estate a dead issue. A reasonable person could fairly have assumed from the trial court's order and its decision not to certify the issue that it would not have considered such evidence relevant and would not have admitted it.

4. Although our resolution of this case does not require us to evaluate the final property division, we note our confusion about whether the trial court did, in fact, include the real property interest in the division. The trial court's final order stated that "The Husband does not have a present possessory interest in the real estate and the Court concludes for any or all of the following factors that allocation of marital property *including the real estate* to the Husband shall not be an equal division of marital assets as provided in IC 31–15–7–4." *Record* at 153 (emphasis added). Later, the court stated that "[t]he husband's remainder interest *will remain his separate property.*" *Id.* (emphasis added). The court's judgment, which sets out the value of each asset and specifies to whom it was awarded, does not mention the real property interest.