**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CRAIG A. DECHERT**
Kokomo, Indiana

ATTORNEY FOR APPELLEE:

**MICHAEL P. KREBES**
Kokomo, Indiana



FILED
Jan 31 2012, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SUSAN KOHL, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 34A05-1105-DR-289 |
| | ) | |
| DUANE KOHL, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Thomas R. Lett, Special Judge
Cause No. 34D02-1009-DR-1237

**January 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Susan Kohl ("Wife") appeals from the trial court's distribution of marital property following the dissolution of her marriage to Duane Kohl ("Husband"). Wife argues that the trial court abused its discretion in finding that certain items existed as marital assets, in including the present value of Husband's vested pension as a marital asset, and in equally dividing the marital estate. We conclude that the evidence does not support the inclusion of the items as marital assets, but find no abuse of discretion in the trial court's treatment of Husband's pension. We further conclude that Wife presented sufficient evidence to rebut the statutory presumption that an equal division of marital property is just and reasonable. Wife inherited money from her father five months prior to the parties' final separation and kept that money separate; Husband's income is five times that of Wife's; and Husband has a pension and a 401(k) that will continue to grow. We conclude that a just and reasonable distribution of the marital estate awards Wife 60% and Husband 40%. We therefore affirm in part, reverse in part, and remand with instructions to divide the marital estate in a manner consistent with this opinion.

**Facts and Procedural History**

Husband and Wife were married on September 12, 1981. During their marriage, they had two children: J.K., born March 18, 1986, and K.K., born May 1, 1990. Husband works for Midas International. During the parties' marriage, his job often required him to travel two weeks a month, during which time Wife was the sole caretaker of the children. In 2010, Husband earned approximately $106,000 in wages and bonuses, with a base salary of

$91,000. Tr. at 37, 49. Wife works for the Girl Scouts of America. In 2010, she earned approximately $21,690. Neither Husband nor Wife has a college degree, although both attended college prior to marriage.

On August 21, 2009, Husband received a $3000 loan from his State Farm universal life insurance policy. In April 2010, Wife received an inheritance from her father's estate of approximately $50,000. Wife held her inheritance in a bank account in her name only. On April 27, 2010, Husband and Wife acquired an installment loan ("the Regions Installment Loan") of $50,000 to pay off marital credit card debt. Wife's inheritance was used as collateral for this loan.

On September 27, 2010, Husband filed a petition for dissolution of marriage. On March 8, 2011, the trial court held the final hearing on the petition. Husband offered Exhibit 1, a list of the assets and liabilities in the marital estate. Exhibit 1 also identified the type of proof that Husband would offer to establish the existence and value of each of the assets and liabilities listed. Exhibit 1 calculated the net worth of the marital estate at $212,056.12 (total assets of $481,798.99 less total liabilities of $269,742.87). Husband proposed an equal division of the marital estate, with each party receiving a net distribution of $106,028.06. Significant assets included in Exhibit 1 were Wife's inheritance of $50,000, Husband's 401(k) worth $184,072.43, and Husband's vested pension with a present value of $40,073.90.

Wife disagreed with two of the assets listed on Exhibit 1. Exhibit 1 listed the $3000 loan from Husband's State Farm universal life insurance policy as a marital asset, placing it in Wife's column and indicating that a copy of the check from State Farm would serve as

3

proof. Husband offered the copy of the State Farm check for $3000 into evidence as Exhibit 14, but otherwise provided no evidence regarding the money. Wife testified that the $3000 loan was used to pay "a joint bill of the parties while [they] were married." Tr. at 57-58.

Exhibit 1 also listed a joint bank account of $5,325.07 at Regions as a marital asset, again placing the asset in Wife's column and indicating that a bank statement would serve as proof. During Husband's direct examination, Husband's attorney noted that the bank statement for the joint bank account was missing from Husband's exhibits, but Husband testified that he thought that the balance of $5,325.07 was correct. *Id*. at 16. On cross, Wife's attorney questioned Husband regarding his failure to provide proof of the joint bank account. *Id*. at 45. Husband replied, "If you'd like to take a recess, I'm sure I have a copy in my car." *Id*. Wife's attorney then stated that "for the record at one point, some point before we conclude this we need proof of it." *Id*. Wife testified that she and Husband did not have a joint bank account at Regions. *Id*. at 57. Husband never submitted a bank statement for the account.

The parties also differed as to the manner in which Husband's vested pension should be treated. Husband introduced Exhibit 12, which showed that during the time the parties were married, Husband accrued a retirement benefit at Midas that would pay him $1,267.14 per month when he turned sixty-five and had a present value of $40,073.90. At the time of the final hearing, Husband and Wife were both fifty-two years old. Husband requested that the present value of his vested pension be included in the marital estate and be divided at the

4

time of dissolution. However, Wife requested that she receive a portion of the monthly pension payments when Husband retires.

Wife also disagreed that the marital estate should be equally divided. She requested a 70/30 division of the marital estate in her favor because $50,000 of the marital estate consisted of her inheritance received just five months before Husband filed for divorce, Husband earned five times what she earned, and K.K. was continuing to live with her while attending college. On cross, Wife testified that in 2007, she voluntarily left a job, at which she earned $40,000, due to depression and anxiety. *Id*. at 92-93. Wife testified that she had the experience to get a job paying more than $21,000, but one was not available, and that her salary would cap out at $40,000. *Id*. at 93. Wife testified she hoped to obtain a bachelor of science degree in business to increase her earning capacity.

On April 8, 2011, the trial court entered the dissolution decree, which provides in relevant part:

2. The court finds that there were two children born to this marriage, [J.K.] who is emancipated; and [K.K.] who will turn 21 on May 1, 2011, and is attending [college].

3. Due to the fact that [K.K.] is attending college and turning 21, no custody, parenting time and support order is required.

4. The courts [sic] adopted asset and liability list (petitioner's Exhibit 1) finds that the parties have total assets valued at $481,798.99 and total liabilities valued at $269,742.87.

5. The court finds that the assets and liabilities of the parties should be divided equally.

6. The court attaches hereto the asset and liability list. Each party is awarded the item listed in their column, and is obligated to pay the

5

liability listed in their column. Petitioner shall pay an equalizing payment of $149.78 to Respondent within thirty days of the Decree.

….

8.  Although no Educational Support Worksheet was submitted, the court finds that the parties should each pay one-third of [K.K.'s] college expenses, including books and tuition. [K.K.] shall be responsible for the remaining one-third.

Appellant's App. at 7-8.

On May 4, 2011, Wife filed a motion to correct error, arguing that the trial court erred (1) in awarding Wife the $3000 life insurance loan because the money had been used to pay marital debt, (2) in awarding Wife the joint bank account because Husband failed to submit proof of the account, (3) in including her inheritance in the marital estate,[1] and (4) in dividing the marital estate equally because Husband has a significantly greater earning capacity. *Id*. at 11-12. On May 9, 2011 the trial court denied Wife's motion. This appeal ensued.

**Discussion and Decision**

*Standard of Review*

The division of marital assets lies within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. When a party challenges the trial court's division of marital property, he must overcome a strong presumption that the court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal. We may not reweigh the evidence or assess the credibility of the witnesses, and we will consider only the evidence most favorable to the trial court's disposition of the marital property. Although the

---

[1] It is well established that all property owned by the parties before separation, including inherited property, must be included in the marital estate. *Grathwohl v. Garrity*, 871 N.E.2d 297, 301 (Ind. Ct. App. 2007). Thus, Wife's inheritance must be included in the marital estate as a matter of law. *See id*. However, inherited property may be, but is not required to be, set off to the spouse who inherited the property as long as any resulting deviation from an equal division of marital property is just and reasonable. Ind. Code § 31-15-7-5. We discuss this question at length in Section III.

facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court.

*Hartley v. Hartley*, 862 N.E.2d 274, 285 (Ind. Ct. App. 2007) (citation omitted).

## *I. Marital Assets*

Wife argues that the trial court erred in including the $3000 loan from Husband's State Farm universal life insurance policy and the joint bank account with a balance of $5,325.07 as assets in the marital estate. Indiana Code Section 31-15-7-4(a) provides that all marital property goes into the marital pot for division, whether it was (1) owned by either spouse before the marriage; (2) acquired by either spouse in his or her own right after the marriage and before the final separation of the parties; or (3) acquired by their joint efforts. "Only property acquired by an individual spouse after the final separation date is excluded from the marital estate." *Maxwell v. Maxwell*, 850 N.E.2d 969, 973 (Ind. Ct. App. 2006), *trans. denied*. The "final separation of the parties" is defined as "the date of filing of the petition for dissolution of marriage." Ind. Code § 31-9-2-46; *Wilson v. Wilson*, 732 N.E.2d 841, 846 (Ind. Ct. App. 2000), *trans. denied*. Indiana's "'one-pot' theory insures that all assets are subject to the trial court's power to divide and award." *Hill v. Hill*, 863 N.E.2d 456, 460 (Ind. Ct. App. 2007). "While the trial court may ultimately decide to award an asset solely to one spouse, it must first include the asset in its consideration of the marital estate to be divided." *Thompson v. Thompson*, 811 N.E.2d 888, 914 (Ind. Ct. App. 2004), *trans. denied* (2005). Marital property includes both assets and liabilities. *Capehart v. Capehart*, 705 N.E.2d 533, 536 (Ind. Ct. App. 1999), *trans. denied.*

7

Turning first to the $3000 loan from Husband's universal life insurance policy, we observe that the only evidence Husband presented was the copy of the State Farm check dated August 21, 2009. Husband acknowledges that he received this check a year before he filed the petition for dissolution. Husband argues that the trial court properly included the $3000 because it was received after the marriage and before the final separation of the parties. However, Husband presented no evidence that the $3000 existed when Husband filed the dissolution petition. Wife testified that that $3000 was used to pay "a joint bill of the parties while [they] were married." Tr. at 57-58. Indeed, Husband does not dispute that Wife used the money to pay marital debts. Appellee's Br. at 7. "'Money used to satisfy marital debts prior to dissolution is not marital property subject to division.'" *Gard v. Gard*, 825 N.E.2d 907, 910-11 (Ind. Ct. App. 2005) (quoting *Hitchcox v. Hitchcox*, 693 N.E.2d 629, 631 (Ind. Ct. App. 1998)); *see also Moyars v. Moyars*, 717 N.E.2d 976, 980 (Ind. Ct. App. 1999) ("'[T]he crucial question is whether the spouse came into possession of something of value during the marriage *which the spouse still has* and which is properly regarded as present marital property.'") (emphasis added) (quoting *Gregg v. Gregg*, 510 A.2d 474, 480 (Del. 1986)), *trans. denied* (2000). Based on the absence of evidence that the $3000 existed at the time Husband filed the dissolution petition, we conclude that the trial court improperly included it as an asset in the marital estate. *Cf. Thompson*, 811 N.E.2d at 917 ("A trial court abuses its discretion when there is no evidence in the record supporting its decision to assign a particular value to a marital asset.").

We now address Wife's contention that the trial court erred in including a joint bank account with a balance of $5,325.07 in the marital estate. Husband's Exhibit 1 indicated that Husband would submit a bank statement as proof of the joint bank account. "A valuation 'submitted by one of the parties is competent evidence of the value of property in a dissolution action and may alone support the trial court's determination in that regard.'" *Houchens v. Boschert*, 758 N.E.2d 585, 590 (Ind. Ct. App. 2001) (quoting *Skinner v. Skinner*, 644 N.E.2d 141, 144 (Ind. Ct. App. 1994)), *trans. denied* (2002). Husband testified that he thought there was a joint bank account with a balance of $5,325.07. Tr. at 16. He testified that he had the bank statement in his car. *Id*. at 45. Wife testified that she and Husband did not have a joint bank account. Wife's attorney specifically requested that Husband submit proof of the joint account. However, Husband failed to offer the bank statement into evidence. Under the circumstances present here, we conclude that Husband failed to introduce sufficient evidence that a joint bank account existed. *See Conner v. Conner*, 666 N.E.2d 921, 926 (Ind. Ct. App. 1996) (stating that the parties have the burden to produce evidence as to the existence of the assets). Therefore, the trial court erred in including the joint bank account with a balance of $5,325.07 as an asset in the marital estate.

## II.  Husband's Pension

Wife asserts that the trial court abused its discretion in awarding her half the present value of Husband's vested pension, rather than splitting Husband's monthly pension when he turns sixty-five. Here, the only evidence as to the value of Husband's pension was Exhibit 12, which showed a present value of $40,073.90, or a value of $1,267.14 per month when

Husband retires.  Wife does not dispute either value.  Wife would simply prefer to receive her portion of Husband's pension when he retires.  However, we will not substitute our judgment for the trial court, and we are unpersuaded that the trial court abused its discretion in its treatment of Husband's pension.

### *III.  Division of Marital Estate*

Wife argues that the trial court abused its discretion by dividing the marital estate equally.

Indiana Code Section 31-15-7-5 provides,

> The court shall presume that an equal division of the marital property between the parties is just and reasonable.  However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
>
> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
>> (A) before the marriage; or
>> (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:
>
>> (A) a final division of property; and

(B) a final determination of the property rights of the parties.

"A party who challenges the trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute." *Wanner v. Hutchcroft*, 888 N.E.2d 260, 263 (Ind. Ct. App. 2008). "Thus, we will reverse a property distribution only if there is no rational basis for the award." *Helm v. Helm*, 873 N.E.2d 83, 89 (Ind. Ct. App. 2007) (citation omitted).

Wife contends that she rebutted the presumption that an equal division of the marital estate is just and reasonable. She notes that she received an inheritance of $50,000 only five months before Husband filed the petition for dissolution, which she held separately in her name alone and was not commingled with joint marital assets. In *Castaneda v. Castaneda*, 615 N.E.2d 467, 470-71 (Ind. Ct. App. 1993), another panel of this Court upheld the trial court's award of the wife's inheritance to the wife when dividing the marital estate, which resulted in an unequal division of the marital estate in the wife's favor. The *Castaneda* court concluded that where the inheritance was never commingled with other marital assts and the wife did not treat it as marital property, the trial court did not abuse its discretion in setting aside the inheritance to the wife.

Here, Husband acknowledges that Wife kept her inheritance in a bank account in her name only, but contends that because Wife used her inheritance as collateral for the Regions Installment Loan, it cannot be considered Wife's separate property. We think that the parties focus too narrowly on Wife's inheritance in assessing whether the division of the marital estate is just and reasonable. To be sure, whether property is acquired by inheritance or gift

11

is one factor that must be considered in determining whether the presumption that an equal division is just and reasonable has been rebutted. However, the "trial court's disposition of marital property in a marriage dissolution proceeding is to be considered as a whole, not item by item." *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002); *see also Eye v. Eye*, 849 N.E.2d 698, 702 (Ind. Ct. App. 2006) (stating that property acquired by spouse through inheritance or gift "must be considered in conjunction with relevant evidence regarding other statutorily prescribed factors, and with any evidence demonstrating additional reasons that an unequal distribution would be just and reasonable").

In *Fobar*, our supreme court explained,

> In many circumstances, it may be appropriate to award a greater share of the marital property to one spouse by reason of inheritance. But Indiana statute requires all property to be considered in the marital estate. I.C. § 31-15-7-4. Even if some items meet the statutory criteria that may support an unequal division of the overall pot, the law does not require an unequal division if overall considerations render the total resolution just and equitable.

*Id*. at 60. The *Fobar* court held that the trial court was not required to deviate from an equal property division to reflect the value of the wife's inherited and non-commingled interest in property. The *Fobar* court noted that the wife's income was greater than that of the husband and that her earning ability would be increased further by her greater rental income following the divorce decree. Therefore, the court concluded that, when considered as a whole, an equal division of the marital estate was just and reasonable. *Id*.

Here, in addition to Wife's non-commingled inheritance, the evidence regarding the parties' earnings and earning ability rebuts the presumption that an equal distribution of marital property is just and reasonable. In this case Husband's 2010 income of

12

approximately $106,000 is five times that of Wife's $22,000. This is in stark contrast to *Fobar*, in which the wife's income was greater than that of the husband. Husband contends 2010 was a better than normal year, but there is no dispute that his base salary is $91,000, still more than four times Wife's income. Husband argues that Wife voluntarily left employment that paid her twice what she earned in 2010. Tr. at 92-93. However, Husband's income is still more than double Wife's 2007 income. Husband also asserts that he has only two years of college education but that Wife needs only nine credit hours to earn a college degree. Our review of the record shows that Husband's assertion is misleading; Wife attended college in Missouri and testified that perhaps only thirty credits would transfer to Indiana. *Id*. at 100. Thus, it would take Wife years to obtain a college degree.[2] In addition to the parties' yearly income disparity, Husband also has a pension and a 401(k) that will continue to grow.

We recognize that we will reverse a property distribution only if there is no rational basis for the award. Here, just five months before the parties' final separation, Wife received an inheritance that was not commingled with martial assets; Husband earns five times what Wife earns; and Husband has a pension and a 401(k) that will continue to grow. As a final observation, it is undisputed that K.K. is living with Wife, and both Husband and Wife are required to pay one-third of K.K.'s college expenses. As required by Indiana Code Section 31-15-7-5, Wife's evidence established the statutory factors rebutting the presumption that an

---

[2] Husband contends that Wife's previous employer would have paid for her education, citing pages 93-94 of the trial transcript. Our review of the transcript shows just the opposite: Wife testified that her previous employer did not offer payment for education for one in her job position.

equal division of the marital estate is just and reasonable. As such, there is no rational basis for the trial court's property distribution. Based on the record before us, we conclude that a just and reasonable division of the marital estate is a 60/40 division in Wife's favor. Accordingly, we reverse the trial court's property division and remand with instructions to remove the $3000 loan and the joint account from the list of marital assets, recalculate the net worth of the marital estate, and to effect a 60/40 distribution of the net worth of the marital estate in Wife's favor. We affirm the trial court's inclusion of the present value of Husband's pension as an asset of the marital estate subject to division at the present time. We do not wish to constrict the trial court's discretion as to how it should effectuate the 60/40 distribution in Wife's favor.

Affirmed in part, reversed in part and remanded.

MAY, J., and BROWN, J., concur.

14