# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**KRISTINA J. JACOBUCCI**
Newby, Lewis, Kaminski & Jones, LLP
La Porte, Indiana



FILED

Aug 14 2014, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AMY L. FALATOVICS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 46A04-1401-DR-20 |
| | ) | |
| IMRE L. FALATOVICS, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Kathleen B. Lang, Judge
Cause No. 46D01-1302-DR-59

**August 14, 2014**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Amy L. Falatovics ("Wife") appeals the decree dissolving her marriage with Imre L. Falatovics ("Husband"). She argues that the trial court erred in excluding from the marital estate Husband's interest in two parcels of real estate, which he owns as a joint tenant with his brother subject to a life estate in his mother. Wife asserts that Husband's interest in the real estate was improperly excluded from the marital estate because Husband has a present pecuniary interest in the properties. We agree and therefore reverse and remand with instructions to include Husband's interest in the properties in the marital estate and to redistribute the marital assets as appropriate.

**Facts and Procedural History**

Wife and Husband were married in 1989. In 2005, Husband's parents conveyed by quitclaim deed two parcels of real estate in LaPorte County to Husband and his brother "as joint tenants with rights of survivorship" subject to life estates in favor of Husband's parents. Petitioner's Exs. 4 and 5.

In February 2013, Wife filed a petition for dissolution of marriage. The parties agreed that the value of Husband's interest in one of the parcels ("Parcel 1") was $76,700. Tr. at 7, 13; Petitioner's Ex. 1.[1] They also agreed that the value of Husband's interest in the other

---

[1] The dissolution decree states that the "parties agreed that the appraised value of [Parcel 1] is $75,700." Appellant's App. at 33. Our review of the record shows that the parties agreed that Husband's interest in Parcel 1 is $76,700.

2

parcel ("Parcel 2") was $30,000. *Id*. at 7, 14; Petitioner's Ex. 2.[2] At the time of the final

hearing, Husband's father had passed away. Husband's mother retained possession of the

parcels by way of her life estate.

In December 2013, the trial court issued the dissolution decree, finding that as to

Parcels 1 and 2, "Husband will never possess this land if he predeceases his mother; or if he

predeceases his brother [and he has not] invested any money, labor, or time into the real

estate." Appellant's App. at 33-34. The trial court found that Parcels 1 and 2 were not

marital assets and awarded Husband "any present or future right, title, and interest in the

propert[ies]." *Id*. The trial court equally divided the marital estate, valued at $566,325.

### Discussion and Decision

Wife argues that Parcels 1 and 2 were improperly excluded from the marital estate and

that she should be awarded half of Husband's interest in the properties. Before addressing

her argument, we observe that Husband did not file a brief.

> When the appellee has failed to submit an answer brief we need not undertake
> the burden of developing an argument on the appellee's behalf. Rather, we
> will reverse the trial court's judgment if the appellant's brief presents a case of
> prima facie error. Prima facie error in this context is defined as, at first sight,
> on first appearance, or on the face of it.

*Fifth Third Bank v. PNC Bank*, 885 N.E.2d 52, 54 (Ind. Ct. App. 2008) (citations and

quotation marks omitted).

---

[2] The dissolution decree states that the "parties agreed that [Parcel 2] is valued at $30,000." Appellant's App. at 34. Our review of the record shows that the parties agreed that Husband's interest in Parcel 2 is $30,000.

It is well settled that in a dissolution action, all marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before final separation of the parties, or acquired by their joint efforts. Ind. Code § 31-15-7-4(a); *Beard v. Beard,* 758 N.E.2d 1019, 1025 (Ind. Ct. App. 2001), *trans. denied* (2002). For purposes of dissolution, property means "*all* the assets of either party or both parties." Ind. Code § 31-9-2-98 (emphasis added). "The requirement that all marital assets be placed in the marital pot is meant to insure that the trial court first determines that value before endeavoring to divide property." *Montgomery v. Faust*, 910 N.E.2d 234, 238 (Ind. Ct. App. 2009). "Indiana's 'one pot' theory prohibits the exclusion of any asset in which a party has a vested interest from the scope of the trial court's power to divide and award." *Wanner v. Hutchcroft*, 888 N.E.2d 260, 263 (Ind. Ct. App. 2008). While the trial court may decide to award a particular asset solely to one spouse as part of its just and reasonable property division, it must first include the asset in its consideration of the marital estate to be divided. *Hill v. Hill*, 863 N.E.2d 456, 460 (Ind. Ct. App. 2007). The systematic exclusion of any marital asset from the marital pot is erroneous. *Wilson v. Wilson*, 409 N.E.2d 1169, 1173 (Ind. Ct. App. 1980).

Wife asserts that Husband has an ownership interest in Parcels 1 and 2 that is vested and not too remote and therefore must be included in the marital pot, citing *Moyars v. Moyars*, 717 N.E.2d 976 (Ind. Ct. App. 1999), *trans. denied* (2000). There, during David and Mechelle's marriage, David and his siblings inherited real estate as tenants in common subject to a life estate in David's mother. Mechelle later filed for divorce. In valuing the

4

marital estate, the trial court excluded David's remainder interest in the inherited property.

Mechelle appealed. We concluded that

> David's interest is not too remote to be included in the property settlement award. David owns a remainder interest as a tenant in common with his two siblings, subject to a life estate in his mother. David's interest became vested at his father's death. Although David has no legal present possessory interest in the land, we note that he and Mechelle have in fact enjoyed the possession of a portion [of] the land for many years now. Further, unlike in [*Loeb v. Loeb*, 261 Ind. 193, 301 N.E.2d 349 (1973)], *David's interest in the real property does represent a present pecuniary interest*; David could sell or mortgage his interest if he chose to. Remainder interests, like fee simple interests, are capable of valuation. …. David's interest in the property is a valuable asset. Thus, we hold that David's vested remainder in the real estate was not too remote to be included in the property division.

*Id*. at 979 (emphasis added) (citations omitted).[3]

Like David Moyars, Husband has a remainder interest in land subject to a life estate. Like David, Husband does not have a legal present possessory interest in the property. Nevertheless, Husband's remainder interest in the land, like David's, represents a present pecuniary interest capable of valuation. However, David owned his remainder interest as a tenant in common, whereas Husband holds his remainder interest as a joint tenant with rights of survivorship. Wife argues that the difference is immaterial in this context because as a joint tenant, Husband has a fixed, vested interest in the parcels, which he can convey for value. *See Barden v. Overmeyer*, 134 Ind. 660, 660, 34 N.E. 439, 439 (1893) ("[I]n a joint

---

[3] In *Loeb*, our supreme court concluded that the husband's remainder interest subject to a condition subsequent in a trust holding common stock of the family corporation was not a marital asset because "the husband had no present possessory interest and the interest was of no present pecuniary value to him." 261 Ind. 193, 199-200, 301 N.E.2d at 353. The *Moyars* court noted that "the broad statutory definition of property now found at IC 31-9-2-98, which expressly states that all assets of the parties are property, was enacted after *Loeb* was decided." 717 N.E.2d at 979 n.1.

tenancy either tenant may convey his share to a cotenant, or even to a stranger, who thereby becomes tenant in common with the other cotenant."); *Grathwohl v. Garrity*, 871 N.E.2d 297, 301 (Ind. Ct. App. 2007) ("A joint tenancy relationship confers equivalent legal rights on the tenants that are fixed and vested at the time the joint tenancy is created. Additionally, each joint tenant may sell or mortgage his or her interest in the property to a third party.") (citations and quotation marks omitted). We agree with Wife. Husband's remainder interest in Parcels 1 and 2, which he holds as a joint tenant, has a present pecuniary interest. His interest in the parcels is an asset capable of valuation. Accordingly, we conclude that the trial court erred in excluding Husband's interest in Parcels 1 and 2 from the marital pot and reverse that portion of the decree.

The parties agreed that the value of Husband's interest in Parcels 1 and 2 was $106,700. Wife asks us to divide Husband's interest equally between them. However, the trial court's decision to divide the marital pot equally was not based upon the proper valuation of the marital estate. We have observed that "knowing the numerical split of the entire estate might alter the trial court's view of the appropriateness of its property division." *Montgomery*, 910 N.E.2d at 238. Although Indiana Code Section 31-15-7-5 creates a rebuttable presumption that an equal division of the marital property between the parties is just and reasonable, an equal division may not be just and reasonable based on a proper consideration of all the factors set forth in the statute. Therefore, we remand with instructions to the trial court to include Husband's interest in Parcels 1 and 2 in the marital estate and redistribute the marital assets as it deems appropriate.

6

Reversed and remanded.

RILEY, J., and MATHIAS, J., concur.