## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 05 2015, 8:12 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Bryan L. Ciyou | Kristina J. Jacobucci |
| Ciyou & Dixon, P.C. | Newby, Lewis, Kaminski & Jones, LLP |
| Indianapolis, Indiana | La Porte, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Imre L. Falatovics, | November 5, 2015 |
| *Appellant-Respondent,* | Court of Appeals Case No. 46A03-1412-DR-449 |
| v. | Appeal from the LaPorte Superior Court |
| Amy L. Falatovics, | The Honorable Kathleen B. Lang, Judge |
| *Appellee-Petitioner* | Trial Court Cause No. 46D01-1302-DR-59 |

**Crone, Judge.**

# Case Summary

Imre L. Falatovics ("Husband") appeals the trial court's amended dissolution decree dissolving his marriage to Amy L. Falatovics ("Wife"). The sole appealable issue presented for our review is whether the trial court abused its discretion when, upon inclusion of additional assets in the marital pot on remand as directed by this Court, it divided the marital estate equally. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

The relevant facts recited by this Court in the prior appeal of this matter are:

> Wife and Husband were married in 1989. In 2005, Husband's parents conveyed by quitclaim deed two parcels of real estate in LaPorte County to Husband and his brother "as joint tenants with rights of survivorship" subject to life estates in favor of Husband's parents.

> In February 2013, Wife filed a petition for dissolution of marriage. The parties agreed that the value of Husband's interest in one of the parcels (Parcel 1") was $76,700. They also agreed that the value of Husband's interest in the other parcel ("Parcel 2") was $30,000. At the time of the final hearing, Husband's father had passed away. Husband's mother retained possession of the parcels by way of her life estate.

> In December 2013, the trial court issued the dissolution decree, finding that as to Parcels 1 and 2, "Husband will never possess this land if he predeceases his mother; or if he predeceases his brother [and he has not] invested any money, labor, or time into the real estate." The trial court found that Parcels 1 and 2 were not marital assets and awarded Husband "any present or future

> right, title, and interest in the propert[ies]." The trial court equally divided the marital estate, valued at $566,325.

*Falatovics v. Falatovics*, 15 N.E.3d 108, 109-10 (Ind. Ct. App. 2014) (citations omitted).

[3]   Wife appealed arguing that the trial court erred in excluding from the marital estate Husband's interest in Parcels 1 and 2. Specifically, she argued that Husband's interest in the property was improperly excluded because Husband has a present pecuniary interest in the properties. Husband did not file a brief, and therefore the panel of this Court to which the case was assigned reviewed the trial court's judgment for prima facie error. *Id*. at 110.

[4]   This Court agreed with Wife and concluded that Husband's remainder interest in Parcels 1 and 2 represents a present pecuniary interest capable of valuation, that value being $106,700 as found by the trial court and agreed upon by the parties. Therefore, we concluded that the trial court erred in excluding Husband's interest in Parcels 1 and 2 from the marital pot, reversed that portion of the decree, and remanded with instructions to the trial court to include Husband's interest in Parcels 1 and 2 in the marital estate and to redistribute the marital assets as it deemed appropriate. Indeed, we noted that the trial court's previous decision to divide the marital pot equally was not based upon a proper valuation of the marital estate, and therefore it was the trial court's prerogative to reconsider its division of property in light of our opinion. *See id*. at 111-12. Neither Husband nor Wife sought rehearing or transfer of our opinion, and it was certified as final on September 26, 2014.

On November 25, 2014, the trial court issued its Amendment to Dissolution Decree. The trial court included Parcels 1 and 2 in the marital estate which resulted in a revised total value of $673,025.[1] The trial court then equally divided the marital property based upon this revised valuation.[2] Husband now appeals.

## Discussion and Decision

We begin by noting that Husband attempts to relitigate several issues that have already been conclusively resolved by this Court in our prior opinion issued in this matter. Pursuant to the law of the case doctrine, an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts. *R.R.F. v. L.L.F.*, 956 N.E.2d 1135, 1142 (Ind. Ct. App. 2011).

> The purpose of the doctrine is to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court. Accordingly, all issues decided directly or by implication in a prior decision are binding in all further portions of the same case. However, we note that the law of the case doctrine "is a discretionary tool." To invoke this doctrine, the matters decided in the earlier appeal must clearly appear to be the

---

[1] Although included in the marital estate, the trial court did award Husband both properties "free and clear of any present or future right, title and interest in the property." Appellant's App. at 12; *see Falatovics*, 15 N.E.3d at 110 ("While the trial court may decide to award a particular asset solely to one spouse as part of its just and reasonable property division, it must first include the asset in its consideration of the marital estate to be divided.").

[2] In the original decree, Husband was ordered to pay wife $155,351.74 for equalization of assets. The revised marital asset equalization requires Husband to pay Wife, $208,711.84, which is an additional $53,350.10. Appellant's App. at 13.

only possible construction of an opinion. Thus, questions not conclusively decided in the earlier appeal do not become the law of the case. Moreover, statements that are not necessary in the determination of the issues presented are dicta, are not binding, and do not become law of the case.

*Id.* at 1143 (quoting *Dutchmen Mfg., Inc. v. Reynolds*, 891 N.E.2d 1074, 1082 (Ind. Ct. App. 2008), *trans. denied*).

[7] In the prior appellate decision issued here, this Court specifically concluded that Husband's remainder interest in Parcels 1 and 2, which he holds as a joint tenant, represents a present pecuniary interest capable of valuation. *Falatovics*, 15 N.E.3d at 111. We further concluded that "[t]he parties agreed that the value of Husband's interest in Parcels 1 and 2 was $106,700." *Id.* Accordingly, we held that the trial court erred in excluding Husband's interest in Parcels 1 and 2 from the marital pot, we reversed only that portion of the dissolution decree, and we remanded with instructions to the trial court to include such interest in the martial estate and to redistribute the estate as it deemed appropriate based upon the proper valuation of the estate.

[8] These statements can be construed as a conclusive determination that Husband has a present pecuniary interest in the parcels, with an agreed value of $106,700, which should be included in the marital estate. Husband's attempt to relitigate these issues after remand is not well taken. Husband had the opportunity to present any legal argument or dispute as to his interest in Parcels 1 and 2, including the value of such interest, to our Court in the prior appeal, yet he chose to not file a brief. He must live with the consequences of that

choice. He is not permitted to bootstrap issues and arguments that were available to him, but not raised, in the prior appeal. Moreover, if Husband disagreed with our factual or legal analysis in the prior appeal, Husband could have sought rehearing or transfer of our opinion.[3] He failed to do so. The law of the case doctrine is a discretionary tool which is appropriate to invoke under the circumstances presented.

[9] Thus, the sole appealable issue for our review is whether, upon remand, the trial court abused its discretion in dividing the marital property equally. The division of marital property is within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Love v. Love*, 10 N.E.3d 1005, 1012 (Ind. Ct. App. 2014). Indiana Code Section 31-15-7-5 creates a rebuttable presumption that an equal division of the marital property between the parties is just and reasonable. A party challenging the trial court's division of marital property must overcome the strong presumption that the trial court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal. *In re Marriage of Bartley*, 712 N.E.2d 537, 542 (Ind. Ct. App. 1999).

[10] Husband has not overcome the strong presumption that the trial court considered and complied with the applicable statute in maintaining an equal

---

[3] Even if an appellee opts not to file a brief on appeal, if this Court issues a decision adverse to the appellee's interests, Indiana appellate procedures entitle the appellee to petition our supreme court for transfer. *See Weinberg v. Bess*, 717 N.E.2d 584, 589 n.9 (Ind. 1999).

division of the marital estate in the amended dissolution decree.[4]  We find no merit in Husband's implication that the trial court was somehow misled and may have "equated the Court of Appeals direction" to requiring an equal division of property on remand.  Appellant's Br. at 11.  Our opinion clearly instructed the trial court to include Husband's interest in Parcels 1 and 2 in the marital estate and to then, based upon the proper valuation of the marital estate, "redistribute the marital assets as it deems appropriate." *Falatovics*, 15 N.E.3d at 112.  Indeed, we even observed that "knowing the numerical split of the entire estate might alter the trial court's view of the appropriateness of its property division." *Id*. (citation omitted).  The directive was not unclear.  The judgment of the trial court is affirmed.

Affirmed.

May, J., and Bradford, J., concur.

---

[4] Husband complains that the trial court did not issue special findings and conclusions on remand explaining the rationale for its judgment.  However, neither party requested such findings from the trial court on remand and, even had one of them made such request, we would not find reversible error.  The trial court's judgment on remand maintained the equal division of marital property.  It is well settled that a trial court need not list those statutory factors that do not justify an unequal division of the property, but rather, need only state its reasons for deviating from the presumption of an equal division. *Helm v. Helm*, 873 N.E.2d 83, 90 (Ind. Ct. App. 2007).