# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 14 2018, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alan D. Wilson
Kokomo, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Marriage of: | March 14, 2018 |
| Carolyn Burns, | Court of Appeals Case No. 34A05-1707-DR-1614 |
| *Appellant-Respondent,* | Appeal from the Howard Superior Court |
| v. | The Honorable Brant J. Parry, Judge |
| Michael Burns, | Trial Court Cause No. 34D02-1511-DR-831 |
| *Appellee-Petitioner.* | |

**Kirsch, Judge.**

[1] Carolyn Burns ("Wife") appeals following the dissolution of her marriage to Michael Burns ("Husband"). She presents the following restated issue for our review: whether the trial court abused its discretion in applying the coverture

fraction formula to Husband's pension benefit, which resulted in an unequal division of the marital estate.

[2] We reverse and remand with instructions.

## Facts and Procedural History

[3] Wife and Husband married on November 19, 1983. At that time, Husband had been employed at Delphi/General Motors for ten years, and he continued to work at the same employment for approximately twenty years during the marriage. Husband earned a pension during his employment. He voluntarily retired at age forty-nine, after working for thirty-two years and began drawing his pension. Husband's pension stopped accruing at retirement. At the time of the parties' separation, Husband had been retired for ten years. At the time of the dissolution, Husband's income consisted of social security payments and his pension payments, and he was not able to work because of medical issues.

[4] During their thirty-four years of marriage, Wife helped raise the parties' child, took care of the home, provided services to Husband and child, and worked outside the home, but has no pension or retirement available to her other than her portion of Husband's pension. After Husband retired, Wife helped him with three different businesses, and they "worked as a team" on them. *Tr. Vol. II* at 32. At the time of the final hearing, although Wife was not physically disabled, she was having continuing medical problems and was not employed.

[5] Husband filed a petition for dissolution of marriage on November 4, 2015, and a final hearing was held on April 17, 2017. Following the hearing, the trial

court entered a dissolution decree on May 8, 2017. In the decree, Husband's pension represented the largest asset in the marital estate, and the trial court awarded Husband 66.5% of the pension benefit and awarded 33.5% of the pension benefit to Wife; the trial court otherwise equally divided the marital assets. *Appellant's App. Vol. II* at 8-9. Thereafter, Wife filed a motion to correct error, alleging that the trial court inequitably divided the pension. The trial court denied the motion, and this appeal ensued.

## Discussion and Decision

[6] When reviewing a claim that the trial court improperly divided marital assets, we consider whether the trial court abused its discretion. *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002). The trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before it, including the reasonable inferences to be drawn therefrom. *Taylor v. Taylor*, 436 N.E.2d 56, 58 (Ind. 1982). Moreover, where, as here, the trial court has, sua sponte, entered written findings and conclusions, we "shall not set aside the findings or judgment unless clearly erroneous" and must give "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). "As to the issues covered by the findings, we apply the two-tiered standard of whether the evidence supports the findings, and whether the findings support the judgment." *In re S.D.*, 2 N.E.3d 1283, 1287 (Ind. 2014). We review the remaining issues under a general judgment standard, whereby we affirm the judgment if it can be sustained on any legal theory supported by the evidence. *Id.* In conducting our review, we will not

reweigh the evidence and will consider the evidence in a light most favorable to the judgment. *Fobar*, 771 N.E.2d at 59. Furthermore, where, as here, the appellee has not filed a brief, "we do not undertake to develop the appellee's arguments. Rather, we will reverse upon an appellant's prima facie showing of reversible error." *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011).

[7] In entering a dissolution decree, the trial court is obligated to "divide the property of the parties . . . in a just and reasonable manner." Ind. Code § 31-15-7-4. Under Indiana's "one pot" approach to the division of marital assets, all property owned by the spouses is put into the "marital pot," where the property is subject to division. *Barton v. Barton*, 47 N.E.3d 368, 378 (Ind. Ct. App. 2015), *trans. denied*. Thus, whether the property was "owned by either spouse before the marriage," individually "acquired by either spouse" before the parties finally separated, or acquired through the spouses' "joint efforts," I.C. § 31-15-7-4, in a dissolution action, there is a single "marital pot" and everything the spouses own is potentially divisible. *Id*. (citing *Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014), *trans. denied*). Moreover, our legislature has made it clear that a spouse's "present right to withdraw pension or retirement benefits" constitutes property that belongs in the marital pot, as does a vested "pension or retirement benefit[] . . . payable after the dissolution of marriage." I.C. § 31-9-2-98(b)(1), (2); *see also Hill v. Hill*, 863 N.E.2d 456, 461 (Ind. Ct. App. 2007) (determining that a "pension . . . was properly included in the marital pot" where a spouse was "currently receiving payments from his pension plan").

[8] Once the trial court has identified property to be included in the "marital pot," the trial court must evaluate how to "divide the property in a just and reasonable manner." I.C. § 31-15-7-4(b). The trial court is to begin with the "presum[ption] that an equal division of the marital property . . . is just and reasonable." I.C. § 31-15-7-5. Nevertheless, the trial court is not obligated to equally divide the marital property; rather, a party may rebut the presumption by "present[ing] relevant evidence . . . that an equal division would not be just and reasonable." *Id*. Moreover, our legislature has articulated a non-exhaustive list of factors that bear on the reasonableness of an equal division, among them, "[t]he contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing," and "[t]he extent to which the property was acquired by each spouse . . . before the marriage." *Id*. In giving effect to a just and reasonable property division, the trial court may take several actions, including "setting the property or parts of the property over" to one of the spouses. I.C. § 31-15-7-4. In other words, the trial court may ultimately reach into the "marital pot" and unequally distribute the assets contained therein, so long as a spouse presented "relevant evidence" rebutting the statutory presumption. *See* I.C. §§ 31-15-7-4, 31-15-7-5; *cf. Quinn v. Quinn*, 62 N.E.3d 1212, 1223 (Ind. Ct. App. 2016) ("Although the trial court may decide to award a particular asset solely to one spouse as part of its just and reasonable property division, it must first include the asset in its consideration of the marital estate to be divided.").

[9] Here, the trial court awarded 33.5% of the pension benefit to Wife and 66.5% to Husband. In selecting these percentages, the trial court adopted a calculation set forth in Husband's exhibit, applying what courts refer to as the "coverture fraction" formula. *See Morey v. Morey*, 49 N.E.3d 1065, 1071 (Ind. Ct. App. 2016) (providing background on the formula). Under this approach, the value of a pension benefit "'is multiplied by a fraction, the numerator of which is the period of time during which the marriage existed (while pension rights were accruing) and the denominator is the total period of time during which pension rights accrued.'" *Id.* (quoting *In re Marriage of Fisher*, 24 N.E.3d 429, 433 (Ind. Ct. App. 2014)). In the present case, the trial court divided the months of marriage (259) by the months Husband worked toward the pension (384), which yielded 67%—a figure purportedly reflecting the percentage of the pension benefit that Husband earned during the marriage. In other words, the trial court's calculation indicated that Husband purportedly acquired 33% of the pension benefit through efforts prior to the marriage. No evidence was introduced to establish the value of the pension on the date of the parties' marriage, and Husband failed to present any evidence to support the assertion that one-third the value of the pension was acquired before the parties were married.

[10] In allocating the pension benefit, the trial court equally divided the 67% presumed to have been earned during the marriage—33.5% to Wife and 33.5% to Husband—and awarded the remaining 33% to Husband. Thus, the trial court ultimately allocated 33.5% to Wife and 66.5% to Husband. Wife argues

that the trial court abused its discretion in dividing the pension benefit in this way, and directs us to a portion of the decree in which the trial court "conclude[d] that an equal division of the marital property between the parties [wa]s just and reasonable." *Appellant's App. Vol. II* at 9. Specifically, Wife asserts that this division of the pension benefit was in error because of her contribution to the marriage and the disparity in income between the parties. Wife also contends that the trial court erred due to the lack of evidence as to the value of Husband's pension at the time of the separation, which made the yielded result from the coverture fraction formula based on speculation.

[11] Under Indiana law, an entire vested pension benefit belongs in the "marital pot," where it is subject to just and reasonable distribution. *See* I.C. §§ 31-9-2-98, 31-15-7-4, 31-15-7-5; *Hill*, 863 N.E.2d at 461. Here, the trial court ultimately set aside a portion of the pension, but it is unclear whether it accomplished this by using the coverture fraction formula to exclude the pre-marital portion of the pension entirely from the marital pot or, after including the entire pension in the marital pot, by using the formula to determine what portion of the pension was subject to division.[1] Regardless of how the trial

---

[1] In looking to Indiana case law, there is inconsistent support as to how the coverture fraction formula should be used to shelter the pre-marital portion of a pension benefit. *Compare, e.g.*, *Morey v. Morey*, 49 N.E.3d 1065, 1072 (Ind. Ct. App. 2016) ("[T]he coverture fraction formula operates to segregate a percentage of a given asset from the marital pot while including the balance of the asset in the marital pot."), *and Barton v. Barton*, 47 N.E.3d 368, 380 (Ind. Ct. App. 2015) ("The dissolution court should have included the entire present value of . . . the pension . . . in the marital estate (one pot theory) and then applied the coverture fraction formula to determine what portion of each asset was earned during the marriage and therefore subject to division."), *with Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014) ("The systematic exclusion of any marital asset from the marital pot is erroneous."), *and Kendrick v. Kendrick*, 44 N.E.3d 721, 729 (Ind. Ct. App. 2015) ("While the court may ultimately determine that the portion of Husband's pension earned prior

court applied the coverture fraction formula in this case, we find that it was an abuse of discretion to apply the coverture fraction formula in this case where Husband's pension benefit was the only substantial asset in the marriage and the marriage was long in duration.

[12] Here, the marriage between Husband and Wife lasted over thirty years with Husband working and earning his pension for over twenty of those years. During the marriage, Wife both worked outside of the home and contributed to the marriage by raising their child, taking care of the home, and helping Husband in business ventures after his retirement. At the time of the dissolution, Wife was unable to work due to medical problems and did not have a pension available. Husband's pension was the largest asset of the marriage, and it represented nearly all of the parties' net worth. After the parties' long marriage, the application of the coverture fraction formula in this case resulted in a large disparity in the division of assets, which we conclude was an abuse of discretion. Wife has made a prima facie showing of reversible error, and we, therefore, reverse the trial court's division of the marital assets and remand with instructions to include the entire value of Husband's pension benefit in the marital estate and to equally divide the value between Husband and Wife.

[13] Reversed and remanded with instructions.

---

to the marriage should be awarded solely to him, it must first include the asset in its consideration as to how the marital estate should be divided."), *trans. denied*.

Pyle, J., concurs.

Bailey, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Marriage of:<br>Carolyn Burns,<br>*Appellant-Respondent,*<br><br>v.<br><br>Michael Burns,<br>*Appellee-Petitioner.* | Court of Appeals Case No.<br>34A05-1707-DR-1614 |

**Bailey, Judge, dissenting.**

I respectfully dissent. The Indiana Code provides that a party may rebut the presumptive equal division of marital assets by presenting "relevant evidence," including evidence concerning "[t]he extent to which the property was acquired by each spouse . . . before the marriage." I.C. § 31-15-7-5. Here, there was evidence indicating that before Wife was in the picture, Husband spent ten years working toward the pension benefit. Relying on this evidence, the court allocated to Husband part of the benefit, proportional to the pre-marital period. *See* I.C. § 31-15-7-4 (permitting a court to "set[] the property or parts of the property over" to one spouse). This Court is to "reverse a property distribution

only if there is no rational basis for the award." *Luttrell v. Luttrell*, 994 N.E.2d 298, 301 (Ind. Ct. App. 2013), *trans. denied*. Indeed, when reviewing for abuse of discretion, "[w]e do not reweigh the evidence; rather, we determine whether the evidence before the trial court can serve as a rational basis for its decision." *DePuy Orthopaedics, Inc. v. Brown*, 29 N.E.3d 729, 732 (Ind. 2015).

[15] The majority concludes that the trial court abused its discretion in applying the coverture fraction formula because the pension benefit "was the only substantial asset in the marriage and the marriage was long in duration." Slip op. at 8. Yet, these factors—relevant as they are—are for trial courts to weigh. This Court has accordingly afforded deference to a trial court's decision to allocate a portion of the assets in view of a spouse's pre-marital efforts. *See In re Marriage of Fisher*, 24 N.E.3d 429, 433 (Ind. Ct. App. 2014) (deferring to the trial court's decision to apply the coverture fraction formula in a case involving a marriage of twenty-four years). To be sure, there is a certain point when a decision concerning marital property can be said to exit the wide orbit of what is just and reasonable. Still, reasonable minds can disagree, and so we must steadfastly adhere to our deferential standard of review—whatever we may think of the outcome. Adhering to that standard in this case, I cannot say that the court's decision is irrational or clearly inconsistent with the facts and circumstances.

[16] I would therefore affirm.