## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 01 2019, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Laurie Baiden Bumb
Bumb & Vowels, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

JoAnn Jacob Krantz
Kristin T.M. McLaughlin
Fine & Hatfield
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John E. Garland, <br> *Appellant-Respondent,* <br><br> v. <br><br> Sharon L. Garland, <br> *Appellee-Petitioner* | March 1, 2019 <br><br> Court of Appeals Case No. 18A-DR-1764 <br><br> Appeal from the Warrick Superior Court <br><br> The Honorable J. Zach Winsett, Judge <br><br> Trial Court Cause No. 87D01-1502-DR-1525 |

**Baker, Judge.**

[1]     John Garland (Husband) and Sharon Garland (Wife) dissolved their marriage. Husband appeals the trial court's division and valuation of property, arguing that the trial court erred by finding that Wife rebutted the presumption that an equal division of property is just and reasonable and in its valuation of a property that it awarded Husband. Finding no error, we affirm.

## Facts

[2]     In 1972, Wife and Husband married. On December 2, 2015, Wife filed a petition to dissolve their marriage. The parties owned two pieces of property relevant to this appeal.

[3]     In 1989, the parties purchased 78.73 acres ("78 Acre"). Following Wife's petition, each party had this land appraised. Husband's appraiser valued the land at $393,500; Wife's appraiser determined its value to be $705,000.

[4]     In 2007, Wife inherited property ("Front 40") from her father. On September 25, 2015, Wife transferred the title to Front 40 to her brother for no consideration. Wife testified that she did not transfer this land in anticipation of filing her petition to dissolve the marriage.

[5]     A hearing on Wife's petition took place on September 6, November 15, and December 12, 2017, and on January 3 and 25, 2018. On May 2, 2018, the trial court issued an order. On June 1, 2018, each party filed a motion to correct errors. Wife's motion addressed in part the trial court's order of an equalization payment from Husband to Wife. Husband contested in part certain findings of fact regarding Front 40 and the trial court's valuation of 78 Acre. On June 21,

2018, the trial court granted each party's motion in part, noting that the errors corrected were scrivener's errors or "simple inadvertence." Appellant's App. Vol. II p. 75. That same day, the trial court issued a corrected order, finding as follows:

13. The Wife received the "Front 40" as an inheritance upon the death of her Father.

14. The Husband shall have no claim, right, or ownership interest whatsoever to the property known as the "Front 40". Whatever right the Wife may have in this property, she holds free and clear from any claim from the Husband.

\*\*\*

17. The "Front 40" . . . accounts for the unequal distribution of property in this matter. All other property is equally divided between the parties. All other property is marital property subject to equal division and was acquired during the marriage in a manner other than inheritance and/or sufficiently commingled between the parties.

18. The Court considered all relevant factors associated with IC 31-15-7-5 and all other relevant factors in regard to all inherited and gifted property associated with the Wife's family members and finds:

> a. The Husband contributed in no way or minimally to the acquisition of the "Front 40". . . .
> b. The Wife alone acquired and had the right to acquire certain property through inheritance.
> c. The Husband's earnings have been significantly higher and the Husband has less debt obligation than the Wife.

> d. There was insufficient evidence that the Wife commingled the interest in the "Front 40". . . .
> e. The Husband's name was not listed on the "Front 40" property . . . .
> f. The "Front 40" . . . [was] kept separate and distinct from marital assets.
> g. There was no evidence that either party's conduct contributed to the disposition or dissipation of assets any more or any less tha[n] the other party.

Appealed Order p. 2-3. The trial court then determined that the 78 Acre property would be Husband's and valued the land at $549,338.57. Husband now appeals.

# Discussion and Decision

Husband raises several arguments, which we consolidate and restate as whether the trial court erred by finding that Wife rebutted the presumption that an equal division of property is just and reasonable and in its valuation of the parties' properties.[1]

---

[1] Husband also contends that the trial court erred by failing to include the value of Front 40 when determining the amount of Husband's equalization payment to Wife. Specifically, he argues that the value of the property should have been credited to Wife for purposes of the equalization payment. But as discussed in this opinion, the trial court determined that Wife was entitled to Front 40 for reasons that warranted an unequal division of marital assets. Crediting Wife with the value of the property for purposes of the equalization payment would have been contrary to the trial court's determination that an unequal division of property was appropriate. Consequently, the trial court did not err by not including the value of Front 40 when determining the amount of Husband's equalization payment to Wife.

# I. Division of Property

Husband first argues that the trial court erred by finding that Wife rebutted the presumption that an equal division of property is just and reasonable. Specifically, Husband argues that the trial court erred by finding that Husband "contributed in no way or minimally to the acquisition of the 'Front 40'" and that "[t]here was no evidence that either party's conduct contributed to the disposition or dissipation of assets any more or any less tha[n] the other party." Appealed Order p. 3. Husband also challenges the trial court's finding that his earnings have been significantly higher than Wife's.

When entering a dissolution decree, the trial court must divide the parties' property. Ind. Code § 31-15-7-4. Under Indiana's "one pot" approach to the division of marital property, all property owned by the spouses is put into the "marital pot," where the property is subject to division. *See* I.C. § 31-9-2-98(b) (defining property as "all the assets of either party or both parties"); *see also Barton v. Barton*, 47 N.E.3d 368, 378-79 (Ind. Ct. App. 2015). Thus, whether the property was "owned by either spouse before the marriage," individually "acquired by either spouse" before the parties finally separated, or acquired through the spouses' "joint efforts," I.C. § 31-15-7-4, in a dissolution action, there is a single "marital pot" and everything the spouses own is potentially divisible, *see id.*; I.C. § 31-9-2-98(b); *see also Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014).

[9]     Once the trial court has identified property to be included in the "marital pot," the trial court must evaluate how to "divide the property in a just and reasonable manner[.]" I.C. § 31-15-7-4(b). Indiana Code section 31-15-7-5, which governs the division of marital property, provides:

> The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
>
> > (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
> >
> > (2) The extent to which the property was acquired by each spouse:
> >
> > > (A) before the marriage; or
> > >
> > > (B) through inheritance or gift.
> >
> > (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
> >
> > (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

> (5) The earnings or earning ability of the parties as related to:

>> (A) a final division of property; and

>> (B) a final determination of the property rights of the parties.

[10] We will reverse a trial court's division of marital assets only for error. *DeSalle v. Gentry*, 818 N.E.2d 40, 44 (Ind. Ct. App. 2004). The parties must overcome the presumption that the trial court considered and complied with the applicable law, and that presumption is one of the strongest presumptions applicable to our consideration on appeal. *Id.* We may not reweigh the evidence or judge the credibility of the witnesses, and we consider only the evidence most favorable to the trial court's disposition of the marital property. *Id.*

[11] The trial court made findings of fact regarding Front 40 to which Husband objects. In determining that Front 40 should be awarded to Wife, the trial court noted that Husband contributed in no way or minimally to the acquisition of the property; that Wife alone acquired and had the right to acquire the property through inheritance; that Husband's earnings have been significantly higher and that Husband has less debt than Wife; that there was insufficient evidence that Wife commingled the interest in the property; that Husband's name was not listed on the property; that the property was kept separate and distinct from marital assets; and that there was no evidence that either party's conduct contributed to the disposition or dissipation of assets any more or any less than

the other party. The trial court found these reasons, which are authorized by Indiana Code section 31-15-7-5, sufficient to divide the marital property unequally by awarding Front 40 to Wife.

[12] Husband asserts that the trial court placed a disproportionate amount of weight on the fact that Wife inherited the property. He also contends that Wife's testimony that she transferred Front 40 to her brother for reasons unrelated to her petition to dissolve the marriage was not credible. Husband's arguments are simply requests that we reweigh the evidence and judge the credibility of the witnesses, which we may not do. And as for his argument regarding the trial court's finding that Husband's earnings have been higher than Wife's, Husband offers only general statements and no specific facts about the parties' respective financial situation. His argument on this basis is, therefore, unavailing.

[13] Accordingly, we conclude that the reasons set forth by the trial court to justify its unequal division of the marital property are sufficient to satisfy the requirements of Indiana Code section 31-15-7-5.

## II. Value of Property

[14] Husband next argues that the trial court erred in its valuation of 78 Acre. Trial courts have broad discretion in ascertaining the value of property in a dissolution action. *E.g.*, *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). A trial court does not err in its valuation of property as long as sufficient evidence and reasonable inferences exist to support the valuation. *Webb v. Schleutker*, 891 N.E.2d 1144, 1151 (Ind. Ct. App. 2008). If the trial court's valuation is within

the scope of the evidence, then the result is not clearly against the logic and effect of the facts and reasonable inferences before the court. *Id.* A trial court may determine the value of property by averaging two values offered by the parties; such valuation is within the scope of the evidence. *Id.*

[15] Here, the trial court heard evidence from each party's appraiser. Husband's appraiser valued 78 Acre at $393,500; Wife's appraiser found the value of the land to be $705,000. An average of these two values is $549,250. The trial court found the value of the property to be $549,338.57, a mere $89 more than the average of the two appraisals. Although Husband acknowledges that this Court has held that averaging appraisals is an acceptable method to value property, he nonetheless contends that the averaging of the appraisals in this case was not a reliable method for determining the property's fair market value because the two appraisers used substantially different appraisal methods. But once again, Husband's argument is a request that we reweigh the evidence, which we may not do. The trial court's determination is within the scope of the evidence. *See id.* (finding the trial court's determination of the value of farm equipment to be an average of the values offered by the parties and therefore within the scope of the evidence). Husband's argument, therefore, is unavailing.

[16] The judgment of the trial court is affirmed.

Bailey, J., and Tavitas, J., concur.